**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

OLIVIA WHITTEN,                                           *

      Plaintiff,                                     *

v.                                                                    *                    **Case No.: PWG-14-cv-3193**

APRIA HEALTHCARE                                       *
    GROUP, INC.,
                                             *

      Defendant.                                   *

*      *      *      *      *      *      *      *      *      *      *      *      *

**MEMORANDUM OPINION**

Plaintiff Olivia Whitten filed suit, alleging that her former employer, Apria Healthcare Group, LLC ("Apria"), violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, by interfering with her FMLA rights and terminating her in retaliation for her taking FMLA leave. Compl., ECF No. 1. Plaintiff also alleges that Apria wrongfully terminated her in violation of Maryland public policy.[1] *Id.* Apria seeks to dismiss the complaint and arbitrate the claims under an alleged arbitration agreement ("Arbitration Agreement" or "Agreement") that Plaintiff purportedly entered into during the course of her employment. Def.'s Mot. to Compel Arbitration & Dismiss Compl. ("Def.'s Mem."), ECF No. 17.[2] Alternatively, Apria seeks to dismiss the common law wrongful termination claim, arguing that it is precluded by the statutory civil remedy contained in the FMLA. *Id.* As Plaintiff sees it, the

---

[1] Count Four of Plaintiff's Complaint alleges negligence against defendant Coverall NorthAmerica, Inc. ("Coverall"). Pursuant to Plaintiff's unopposed stipulation of dismissal, ECF No. 38, Plaintiff's claims against Coverall were dismissed pursuant to Fed. R. Civ. P. 15(b), ECF No. 39.

[2] The parties fully briefed this motion. *See* ECF Nos. 17, 20, 21, 22, 24, & 25. A hearing is not necessary. *See* Loc. R. 105.6.

Arbitration Agreement is not valid because she never agreed to arbitrate her employment disputes with Apria.  As for the viability of her common law claim, Plaintiff contends that it should not be dismissed because she bases it not only on public policy stated in the FMLA but also on public policy stated in the Federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 *et seq*. and the Maryland Occupational Safety and Health Act ("MOSHA"), Md. Code Ann., Lab. & Empl. §§ 5-101 *et seq*.  Because I must treat Defendant's Motion to Compel Arbitration as a motion for summary judgment, and a genuine dispute exists as to the validity of the Arbitration Agreement, I will deny the motion, without prejudice to being resubmitted on request, as this case will proceed with discovery on the validity of the Arbitration Agreement, and I will hold a jury trial to determine this discrete matter of fact.  Additionally, because Plaintiff identified only the FMLA as the basis for her common law wrongful discharge claim, I will grant Defendant's motion with respect to dismissal of the wrongful discharge claim.

## I.      MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY CLAIMS

### A.  Standard of Review

Defendant moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–15.  Congress enacted the FAA "to promote the enforceability of arbitration agreements and to make arbitration a more viable option to parties weary of the ever-increasing 'costliness and delays of litigation.'"  *Saturn Distribution Corp. v. Williams*, 905 F.2d 719, 722 (4th Cir. 1990) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess. 2 (1924) (quotation marks omitted))).  It "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460

U.S. 1, 24 (1983)).  If an issue is "'referable to arbitration under an agreement in writing for such arbitration,'" then a stay is mandatory and a motion to compel must be granted.  *Id*. (quoting 9 U.S.C. § 3).

Relevantly, "'even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.'"  *Adkins*, 303 F.3d at 501 (quoting *Arrants v. Buck,* 130 F.3d 636, 640 (4th Cir. 1997)).  Here, Plaintiff challenges the very existence of the Arbitration Agreement, rather than its scope.  *See* Pl.'s Opp'n 3, 6.  When a party moves to compel arbitration and the validity of the purported arbitration agreement between the parties is disputed, the motion is treated as one for summary judgment.  *See Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011); *see also id.* at 252 n.5 ("If the parties dispute the existence of an arbitration agreement, the court must 'hear the parties' on the issue, and the party alleged to have violated the arbitration agreement is entitled to a jury trial on the existence of an agreement.  Standard summary judgment rules apply." (quoting 9 U.S.C. § 4 and citing *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 684 n.1 (D. Md. 2004))).  Therefore, I will treat Defendant's Motion to Compel as one for summary judgment on the validity of the Arbitration Agreement.  *See id.*; *see also* Fed. R. Civ. P. 12(d) (requiring conversion of motion to dismiss to motion for summary judgment where, as here, movant attaches affidavits in support that are not integral to the pleadings).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of*

*Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013).   The question here is "whether a contract to arbitrate was formed," and "unless there is no genuine issue of fact as to whether a contract was formed, the court must submit the question to the jury."   *Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014).   To determine whether an arbitration agreement exists, "[c]ourts apply 'ordinary state-law principles that govern the formation of contracts.'"   *Id.* (quoting *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (internal quotation marks and citations omitted)).

### B.  Discussion

Under Maryland law,[3] a contract exists where there is "'mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'"   *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)).   Here, the parties dispute whether Plaintiff accepted the Arbitration Agreement.   Apria contends that "Plaintiff entered into the Arbitration Agreement when she received a copy of the Agreement on July 15, 2014 via Apria's online training ['Workplace Resolutions'] course about its Arbitration Program," and the Arbitration Agreement "made clear that Plaintiff was bound by the Agreement if she did not opt out of it within 30 days."   Def.'s Mem. 8.   According to Apria, Plaintiff became bound by the Arbitration Agreement when she did not opt out of it within 30 days.   *Id.*

In support, Defendant attached the November 17, 2014 Affidavit of Helena Kohistani, Senior Talent Management Systems Administrator for Apria, to which are attached (i) the Arbitration Agreement assertedly provided to Plaintiff during Apria's Workplace Resolutions

---

[3] The parties do not dispute that Maryland law applies.  *See* Pl.'s Opp'n  6, 9; Def.'s Reply 14, 15.

course; (ii) a copy of the Acknowledgement screen for the Workplace Resolutions course; (iii)

Plaintiff's Learning Central Transcript Report reflecting her completion of the Workplace

Resolutions course and her acknowledgement of receiving the Agreement; and (iv) Plaintiff's

Learning Central Transcript reflecting the time and date stamps for her completion of the

Workplace Resolutions course.   Kohistani Aff. & Att. (i)–(iv), Def.'s Mem. Ex. 1, ECF No. 17-

2.  According to Ms. Kohistani

> [i]n connection with Ms. Whitten's employment at Apria in Maryland, on July 15,
> 2014, Ms. Whitten participated in a training session entitled 'APR702 Apria
> Workplace Resolutions' via Apria's online training system, Learning Central.
> That training informed Ms. Whitten about the Arbitration Program and provided
> her with an electronic copy of the Arbitration Agreement.

Kohistani Aff. ¶ 5, Nov. 17, 2014.   She also stated:

> During the training session, Ms. Whitten acknowledged that she received the
> Arbitration Agreement by clicking 'Yes' on the Acknowledgement screen
> stating: 'I acknowledge that I have reviewed APR702 in its entirety.  I further
> acknowledge that I received a copy of Apria's Employee Arbitration Program
> Agreement and the AAA Rules and Mediation Procedures document.'  This
> positive acknowledgement is reflected as a 'score' of '100' on Learning Central
> Transcript Report for this course and as 'progress' of '100%' on the Learning
> Central Transcript Details for this course."

*Id*.  In her Affidavit, Carol Stokes, Legal Secretary of Apria, states that she "never received . . .

any request to opt out of the Apria Workplace Resolutions Program from an individual named

Olivia Whitten."  Stokes Aff. ¶ 5, Def.'s Mem. Ex. 2, ECF No. 17-2.

Apria's Arbitration Agreement provides, under the heading "FINAL AND BINDING

ARBITRATION," that it "requires [the employee] and Apria to resolve through final and

binding arbitration any and all disputes and claims between [the employee] and Apria, including

but not limited to claims arising out of, related to, or connected with [the employee's]

employment or its termination . . ." Agr. 3.  It does not include a signature and date line, but

Apria has provided a copy of the Acknowledgement screen for the Workplace Resolutions

course containing a "Yes" option checked, Acknowledgement Screen 1, which purportedly indicates that the user reviewed the course and received the Arbitration Agreement.

Plaintiff insists that she never entered into the Arbitration Agreement "[u]pon information, knowledge, honest and reasonable belief," such that no valid arbitration agreement exists between her and Apria.  Pl.'s Opp'n 3.  She stated in a supporting affidavit that she "never entered into, signed, submitted nor agreed to arbitrate any employment disputes with Apria Healthcare Group LLC," and that she "never signed, assented to nor has anyone acting on [her] behalf assented to any arbitration agreement with Apria Healthcare Group LLC."  Whitten Aff. ¶¶ 5–6, ECF No. 24.  Plaintiff advances several arguments in support of her position. Significantly, she questions the "authenticity and foundation" of the Agreement, contending that "screenshots of the agreement would not suffice to prove existence of the arbitration agreement." Pl.'s Opp'n 6.  According to Plaintiff, whether the webpages were the ones that Plaintiff viewed during her online transactions is subject to reasonable disputes because "the pages were or could have been changed, modified, and revised over time."  *Id*.  Plaintiff further denies that she has ever "received any communication or mail from Apria informing her about an arbitration agreement."  *Id*. at 8.

In reply, Defendant notes that Plaintiff did not contest that she took the Workplace Resolutions course during which the Arbitration Agreement was presented to her, nor did she deny having downloaded and printed the Arbitration Agreement.  Def.'s Reply 4.  Additionally, Defendant relies on a second affidavit from Ms. Kohistani to demonstrate that

> [t]he APR702 training course cannot be completed without the employee acknowledging that he/she has reviewed the course materials in their entirety and has downloaded and printed copies of Apria's Mutual and Binding Arbitration Agreement and the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures . . . If the employee clicks "No" on the Acknowledgement screen, the course instructs the employee to review the course

> materials and download the documents, and then return to the Acknowledgement
> screen to complete the course . . . In completing the course, Ms. Whitten clicked
> "Yes" on that screen, acknowledging that she reviewed the course materials and
> downloaded and printed those documents.

Kohistani Aff. ¶ 4, Dec. 22, 2014, Def.'s Reply Ex. 3, ECF No. 25-1.  Ms. Kohistani attached (i)

the PowerPoint slides for Apria's Workplace Resolutions training course, including the slide

showing the Acknowledgement page, and (ii) a copy of the email notification sent to all Apria

employees announcing the Workplace Resolutions training and notifying them that they were

required to complete the course 3.  Kohistani Aff. Att. (i) & (ii), ECF No. 25-1.

Plaintiff's acceptance of the Arbitration Agreement is a material fact.  *See Spaulding v.*

*Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013).  On the record before me, a genuine

dispute exists regarding this fact, as Defendant provides evidence of Plaintiff's acceptance of the

Arbitration Agreement, and Plaintiff questions the reliability of that evidence—in essence, she

challenges the authenticity of Defendant's Learning Central program and seeks discovery to

determine whether the documents produced by it and relied upon by Defendant in its motion

were the product of a system or process capable of producing reliable results.  *See* Fed. R. Evid.

901(b)(9).  Plaintiff provides evidence that she did not accept the Arbitration Agreement.  With

this dispute of material fact, I cannot conclude on the record before me that the employer is

entitled to arbitrate as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Rose v. New Day Fin., LLC*,

816 F. Supp. 2d 245, 252 n.5 (D. Md. 2011).  Therefore, Defendant's Motion to Compel

Arbitration, treated as one for summary judgment, is denied.  This case will proceed with

discovery on the validity of the Arbitration Agreement, and assuming that discovery does not

establish that there is no genuine dispute regarding the authenticity of the evidence that

Defendants rely on to establish Plaintiff's acceptance of the Arbitration Agreement, I will hold a

jury trial to determine this discrete matter of fact.  *See Galloway v. Santander Consumer USA,*

*Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014); *Rose*, 816 F. Supp. 2d at 252 n.5. This denial is without prejudice to Defendant's resubmission of the motion, following completion of discovery on this narrow issue, on request. Further, if the issue of whether Plaintiff agreed to arbitrate this dispute is resolved in Defendant's favor, the motion to compel arbitration will be granted upon resubmission. *See Rose*, 816 F. Supp. 2d at 252 n.5.

## II.  MOTION TO DISMISS COUNT THREE (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'" *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635,

638–39 (D. Md. 2009)).  Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice.  *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900, 2013 WL 1943798, at *1 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same).  However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim."  *Weigel*, 950 F. Supp. 2d at 825–26.

### B.  Discussion

Defendant seeks to dismiss Plaintiff's claim for wrongful discharge in violation of public policy (Count Three), arguing that statutory remedies in the FMLA exist to redress the wrongs alleged in Count Three.  In Maryland, the general rule "'is that an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time.'"  *Goode v. Am. Vets., Inc.*, 874 F. Supp. 2d 430, 441 (D. Md. 2012) (quoting *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467 (Md. 1981).  The "narrow exception to the common law terminable at-will doctrine" is that "a cause of action is allowed for abusive discharge of an at-will employee if the motivation for the discharge 'contravened some clear mandate of public policy.'"  *Id.* at 442 (quoting *Adler*, 432 A.2d at 471).  To state a claim for wrongful discharge, Plaintiff must allege that: (1) she was discharged, (2) "the basis for [her] discharge . . . violate[d] some clear mandate of public policy," and (3) "there [was] a nexus between [her] conduct and the employer's decision to fire [her]."  *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002).  The public policy must "be reasonably discernible from prescribed constitutional or statutory mandates."  *Id.* at 490–91; *see Parks v. Alpharma, Inc.*, 25 A.3d 200, 212 (Md. 2011) (same).  This means that "there [must be] a preexisting, unambiguous, and particularized pronouncement,

by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct . . . in question, so as to make the Maryland public policy on the topic not a matter of judicial conjecture or even interpretation." *Sears, Roebuck & Co. v. Wholey*, 779 A.2d 408 (Md. Ct. Spec. App. 2001), *aff'd*, 803 A.2d 482 (Md. 2002). Significantly, the burden is on the plaintiff to "'identify the source of the public policy with particularity.'" *Taylor v. Rite Aid Corp.*, 993 F. Supp. 2d 551, 562 (D. Md. 2014) (quoting *King v. Marriott Int'l, Inc.*, 866 A.2d 895, 903 (Md. Ct. Spec. App. 2005)). Additionally, the public policy must be one without an existing statutory remedy. *See Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 615 (D. Md. 2008).

Here, it is undisputed that Plaintiff was discharged. Compl. ¶ 23; Def.'s Mem. 3. Plaintiff claims that her termination violated "a clear mandate of public policy." Compl. ¶ 51. She alleges that "[p]ublic policy in Maryland requires that employees who are sick, seriously injured or who are affected by some disabilities and need medical attention should be provided a leave of absence to access medical treatment," *id*. ¶ 52, and that "[h]er termination [by Apria] violated the law as prescribed in the FMLA," *id*. ¶ 57. Thus, the FMLA is the sole statute referenced in Count Three as the apparent public policy basis for Plaintiff's wrongful termination claim. However, while the FMLA entitles eligible employees to take up to twelve weeks of unpaid leave in any twelve month period for specified family or medical reasons, *see* 20 U.S.C. 2612(a)(1)(c), the FMLA sets forth its own remedial scheme for violations of the statute, allowing an aggrieved employee to file a civil action against her employer for damages and equitable relief. 29 U.S.C. § 2617. As noted, in Maryland, wrongful discharge only serves as the remedy for violations of statutes that do not establish their own civil remedy. *Glynn*, 536 F. Supp. 2d at 616. Consequently, to the extent that Plaintiff's wrongful discharge claim is based on violations of public policy in the FMLA, the statute forecloses this cause of action.

In her Opposition, Plaintiff asserts additional sources public policy alleged to be violated, namely the Federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 *et seq*. and the Maryland Occupational Safety and Health Act ("MOSHA"), Md. Code Ann., Lab. & Empl. §§ 5-101 *et seq*.   Apria replies, rightfully so, that Plaintiff failed to satisfy her obligation to identify the public policy in either statute with specificity when "[t]he Complaint makes no mention whatsoever of OSHA or MOSHA or the public policies contained therein."   Def.'s Reply 18; *see Iqbal*, 556 U.S. at 678–79.   Moreover, Plaintiff cannot cure this failure through her Opposition. *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006).   "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.*   The proper means of identifying a new basis for a claim at this juncture is a motion to amend, *see* Fed. R. Civ. P. 15(a)(1)(B), (2), but Plaintiff has not filed one.   Accordingly, Plaintiff's "[t]hreadbare recital[]" of the third element of wrongful discharge does not identify the law giving rise to a policy for which no statutory remedy exists, let alone identify such a law with particularity, and therefore is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Velencia*, 2012 WL 6562764, at *4; *Taylor*, 993 F. Supp. 2d at 562; *King*, 866 A.2d at 903.

Moreover, even if I were to entertain Plaintiff's allegation, made in her Opposition, that her termination violated MOSHA, Plaintiff's claim would fail nonetheless because the exclusive remedy for a MOSHA-related wrongful discharge is under the statute, Md. Code Ann., Lab. & Empl. § 5-604(c). *See Silkworth v. Ryder Truck Rental, Inc.*, 520 A.2d 1124, 1127 (Md. Ct. Spec. App. 1987) ("Nothing in MOSHA purports to give an employee any private right of action in court for violation of a health and safety standard.   Indeed, even for a violation of § [5-604], expressly prohibiting an employer from discharging or discriminating against employees for

11

exercising rights under MOSHA, the remedy afforded is a complaint to the Commissioner, who alone is authorized to file an action to restrain the violation").

In a further attempt to salvage her wrongful discharge claim, Plaintiff also alleges—in her Opposition—that, after she suffered a slip and fall accident on Apria's premises, she filed a workers' compensation claim and subsequently was terminated by Apria for filing the claim, "in clear violation of Maryland and Federal Public policy as enumerated in the OSHA and the MOSHA." Pl.'s Opp'n 12–13. It is true that public policy provides for a cause of action when an employee has been discharged solely because that employee filed a workers' compensation claim. *Finch v. Holladay-Tyler Printing, Inc.*, 586 A.2d 1275, 1278 (Md. 1991) (noting that such action by employer is criminal offense). However, this public policy appears in Maryland's criminal law statutes, *see id.* (citing Md. Code (1957, 1985 Repl. Vol.), Art. 101, § 39A), and not in MOSHA or OSHA. Moreover, as noted, Plaintiff's Complaint does not allege that Apria terminated her after she filed a worker's compensation claim; instead, she alleges that Apria terminated her after she notified them of her need for FMLA leave. Compl. ¶ 54. And as previously stated, an opposition is not a proper vehicle for amending a complaint. *See Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006).

Therefore, Plaintiff has not stated a claim for wrongful discharge based on a workable and identifiable public policy. *See Taylor*, 993 F. Supp. 2d at 562 (D. Md. 2014). Consequently, Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint is granted, and Count Three is dismissed without prejudice for failure to meet the requisite pleading requirements to state such claims. *See Iqbal*, 556 U.S. 662 at 678–79 (2009); Fed. R. Civ. P. 12(b)(6).

## **ORDER**

Accordingly, it is, this 11th day of May, 2015, hereby ORDERED that

1.  Defendant's Motion to Compel Arbitration and to Dismiss or Stay Claims Against Apria, ECF No. 17, IS DENIED IN PART AND GRANTED IN PART as follows:

    a.  Defendant's Motion to Compel Arbitration, treated as a motion for summary judgment, IS DENIED WITHOUT PREJUDICE to being resubmitted on request, following the jury trial on the validity of the Arbitration Agreement;

    b.  Defendant's Motion to Dismiss Count Three of the Complaint IS GRANTED;

    c.  Count Three of the Complaint is DISMISSED WITHOUT PREJUDICE; and

2.  Counsel are to confer and to propose jointly by June 15, 2015 a pretrial schedule addressing any discovery that must be conducted regarding the narrow issue that will be put before the jury, and then arrange a telephone conference call with me to discuss discovery and further scheduling.


_____/S/_____
Paul W. Grimm
United States District Judge



lq